UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TAMMY ZIEGLER, et al., | ) |
| | ) |
|   Plaintiffs, | ) |
| | ) |
|     vs. | ) CAUSE NO. 1:12-cv-1805-WTL-TAB |
| | ) |
| LOOGOOTEE COMMUNITY SCHOOL | ) |
| CORPORATION, et al., | ) |
| | ) |
|   Defendants. | ) |

## ENTRY DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND MOTION FOR PRELIMINARY INJUNCTION[1]

The Plaintiffs in this case are subject to protective orders entered by the Martin Circuit Court that include the directive that the Plaintiffs "stay away from . . . Loogootee Elementary School." The protective orders were sought and obtained by two teachers at the school, Defendants Tyler Walton and Marsha Wagoner. At least one of the Plaintiffs' children attends the school. The Plaintiffs allege in their Complaint that after the protective orders were entered the Loogootee Community School Corporation ("LCSC") instituted restrictions on the Plaintiffs' contact with school personnel that extend beyond those in the protective orders. The Plaintiffs assert that the protective orders were unlawfully obtained and that their provisions, as well as the LCSC's extensions thereof, deprive them of "their fundamental right to direct the education of their children by denying them access to direct, personal communication with their children's teachers." Complaint at ¶ 49. Accordingly, the Plaintiffs assert claims for these alleged constitutional violations pursuant to 42 U.S.C. § 1983. They also assert claims under state law.

---

[1]The Court appreciates the thoughtful briefing by both Plaintiffs' counsel and defense counsel, especially in light of the very limited time they were given to complete it.

Pending before the Court now are the Plaintiffs' motion for preliminary injunction and

motion for temporary restraining order.  These motions seek the same relief that is sought in

Count I of the Complaint:  an order "prohibiting LCSC, its administrators, faculty or staff, from

preventing [the Plaintiffs] from attending the December 21, 2012 Christmas party" at Loogootee

Elementary School.  The problem with the relief requested by the Plaintiffs in the instant motions

is that it is not the LCSC that has barred the Plaintiffs from Loogootee Elementary School;

rather, that restriction has been imposed by the state court judge who entered the protective

orders.  In other words, the Plaintiffs ask this Court to grant them permission to do something

that the state court has prohibited them from doing.  The Court does not believe it would be

appropriate to do so.[2]

The Seventh Circuit Court of Appeals was faced with a similar circumstance in *SKS &*

*Associates, Inc. v. Dart*, 619 F.3d 674 (7th Cir. 2010).  In that case, the Plaintiff was unhappy

with a state court judge's order prohibiting the county sheriff from carrying out residential

evictions "during two and a half weeks in the winter holiday season" and during certain weather

conditions.  *Id.* at 676.  The Plaintiff, who managed residential rental properties in the county,

filed a § 1983 action in federal court alleging that the judge's order "denied it equal protection of

---

[2]During two telephonic status conferences, the Court questioned counsel regarding whether Count I of the Complaint—and therefore the instant motions—were barred by the *Rooker-Feldman* doctrine.  In response, the Plaintiffs have filed a brief urging that *Rooker-Feldman* does not apply because the protective orders are not final, appealable orders, but rather *ex parte* orders that, by their very terms, the Plaintiffs had the right to object to by requesting a hearing within 30 days.  The Plaintiffs did not file the protective orders with either their Complaint or their motions; accordingly, the Court was not aware of their *ex parte* nature until the first the telephonic status conference.  Given that fact, and assuming the Plaintiffs made a timely request for a hearing, it would appear that the Plaintiffs are correct—the protective order proceedings are not yet final and therefore *Rooker-Feldman* may not be implicated.  The Court need not resolve the issue, however, inasmuch as there are other grounds for denying the instant motions.

the laws, deprived it of property without due process of law, and amounted to an establishment

of religion" by delaying its ability to evict tenants in a timely manner.  *Id.*

The Seventh Circuit acknowledged that the plaintiffs' request—that the federal court

"issue an order to compel the [state] court to process evictions more quickly"—was, "[a]t a

superficial level"—within the scope of relief authorized by § 1983.  *Id.*  Nonetheless, the court

held that "the relief plaintiff seeks here would run contrary to the basic principles of equity,

comity, and federalism."  *Id.* at 676-77.  While the court recognized that the case did not "fit

neatly" under the doctrine of abstention set forth in *Younger v. Harris*, 401 U.S. 27 (1971), it

found that the case nonetheless "implicate[d] the same principles of equity, comity, and

federalism that provide the foundation for *Younger* to such an extent" that abstention was

required."  *Id.* at 678.

So, too, is the case here.  Like in *SKS*, if this Court were to consider the relief requested

by the Plaintiffs in their motion for temporary restraining order and motion for preliminary

injunction, this Court's order "would reflect a lack of respect for the state's ability to resolve the

cases properly before its courts."  *Id.* at 679.   As in *SKS,* "[a]djudication here would thus run

contrary to the vital considerations of comity and federalism . . . and would be inconsistent with

the traditional reluctance of a federal court to meddle in state court proceedings."  *Id.* (citations

omitted).

While the Plaintiffs in this case have styled their motions as seeking relief from the

Defendants, the Defendants did not enter the protective orders that are preventing the Plaintiffs'

attendance at the Christmas party and the Defendants are not responsible for the enforcement of

those orders.  Thus, any ruling on the pending motions would necessarily involve a review of the

propriety of the state court's actions, and granting the relief that is sought by the Plaintiffs—

permission to attend the Christmas party—would contradict the state court's clear and

unequivocal orders.  Whether the protective orders were improvidently granted, or, alternatively,

whether the Plaintiffs' asserted right to attend the Christmas party outweighs the reason behind

the entry of the protective orders, are issues that should be resolved by the Martin Circuit Court

or the Indiana Court of Appeals, not this Court.  Accordingly, for the reasons set forth by the

Seventh Circuit in *SKS*, the Court declines to hear the Plaintiffs' motions.[3]

      SO ORDERED:   12/20/2012

*William T Lawrence*

      Hon. William T. Lawrence, Judge
      United States District Court
      Southern District of Indiana

Copies to all counsel of record via electronic notification

---

[3]The Court does not take a position at this time whether the other claims in the Plaintiffs' Complaint—for example, the allegation that the school corporation has imposed restrictions on the Plaintiffs that are greater than those imposed by the state court—state a claim for which relief may be granted by this Court.  This ruling is limited to the pending motions, which relate only to the Plaintiffs' request for an order permitting them to attend the Christmas party.